F I L E D
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.

JAN 1 0 2018

BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **UNDER SEAL** |
| | ) | |
| v. | ) | Case No. 3:17-cr-00130 |
| | ) | |
| [1] JAMES WESLEY FRAZIER | ) | 18 U.S.C. § 2 |
| a/k/a "SLO-MO" | ) | 18 U.S.C. § 3 |
| a/k/a "SPECIAL" | ) | 18 U.S.C. § 922(g) |
| | ) | 18 U.S.C. § 924(c)(1)(A) |
| [2] AELIX SANTIAGO | ) | 18 U.S.C. § 924(j) |
| a/k/a "GOON" | ) | 18 U.S.C. § 1201(a)(1) |
| a/k/a "BIG O" | ) | 18 U.S.C. § 1512(b)(3) |
| a/k/a "BIG OFFIT" | ) | 18 U.S.C. § 1512(k) |
| | ) | 18 U.S.C. § 1951(a) |
| [3] KYLE HEADE | ) | 18 U.S.C. § 1952(a)(3) |
| | ) | 18 U.S.C. § 1956(h) |
| [4] TIMOTHY GRANT | ) | 18 U.S.C. § 1959(a)(1) |
| | ) | 18 U.S.C. § 1959(a)(3) |
| [5] DUSTIN McCRACKEN | ) | 18 U.S.C. § 1959(a)(5) |
| a/k/a "D" | ) | 18 U.S.C. § 1962(d) |
| | ) | 18 U.S.C. § 1963 |
| [6] JOEL ALDRIDGE | ) | 21 U.S.C. § 841(a)(1) |
| a/k/a "SLEEZY" | ) | 21 U.S.C. § 846 |
| a/k/a "SPOON" | ) | |
| | ) | |
| [7] JAMES HINES | ) | |
| a/k/a "FESTER" | ) | |
| | ) | |
| [8] MICHAEL FORRESTER, JR. | ) | |
| a/k/a "STIX" | ) | |
| | ) | |
| [9] STEPHEN COLE | ) | |
| a/k/a "LURCH" | ) | |
| | ) | |
| [10] JAMIE HERN | ) | |
| a/k/a "J-ROC" | ) | |
| | ) | |
| [11] ROBERT HUMISTON | ) | |
| a/k/a "BRIC" | ) | |
| a/k/a "BRICHANDS" | ) | |
| | ) | |
| [12] MICHAEL MYERS | ) | |
| a/k/a "YEA YEA" | ) | |
| | ) | |
| [13] MICHAEL LEVI WEST | ) | |
| a/k/a "SMURF" | ) | |
| a/k/a "BLUE" | ) | |

[14] ADRIANNA FRAZIER        )
a/k/a "ADRIANNA MILES"     )
                                  )
[15] DEREK LEIGHTON STANLEY   )

# SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

## COUNT ONE

(Racketeering Conspiracy—18 U.S.C. § 1962(d))

### Introductory Allegations

1.     At all relevant times, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [2] AELIX SANTIAGO, a/k/a "GOON," a/k/a "BIG O," a/k/a "BIG OFFIT," [3] KYLE HEADE, [6] JOEL ALDRIDGE, a/k/a "SLEEZY," a/k/a "SPOON," [7] JAMES HINES, a/k/a "FESTER," [8] MICHAEL FORRESTER, JR., a/k/a "STIX," [9] STEPHEN COLE, a/k/a "LURCH," [10] JAMIE HERN, a/k/a "J-ROC," [11] ROBERT HUMISTON, a/k/a "BRIC," a/k/a "BRICHANDS," [12] MICHAEL MYERS, a/k/a "YEA YEA," [13] MICHAEL LEVI WEST, a/k/a "SMURF," a/k/a "BLUE," and [14] ADRIANNA FRAZIER, a/k/a "ADRIANNA MILES,"** and others known and unknown to the Grand Jury were members and associates of an organization engaged in, among other things, murder, conspiracy to commit murder, attempted murder, kidnapping, conspiracy to traffic in narcotics, narcotics trafficking, robbery, extortion, money laundering, and witness tampering. At all relevant times, this organization, known as the Clarksville, Tennessee, Chapter of the Mongols Motorcycle Gang (hereinafter the "Clarksville Mongols") operated in the Middle District of Tennessee and elsewhere. The Clarksville Mongols, including its leadership, membership, and associates constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact. The enterprise engaged in, and its activities affected,

interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

<u>Background of the Mongols Motorcycle Gang</u>

2.      The Mongols Motorcycle Gang is a nationwide and international organization with chapters located in different geographical areas.  Most of the chapters are in California, but chapters have been established in other parts of the United States and in other countries, including Arizona, Arkansas, Colorado, Florida, Idaho, Indiana, Maryland, Missouri, Montana, Nevada, New York, North Carolina, Oklahoma, Oregon, Pennsylvania, Tennessee, Utah, Virginia, Washington, Australia, Canada, Denmark, Germany, Indonesia, Malaysia, Mexico, Singapore, Switzerland, and Thailand.

3.      The Mongols Motorcycle Gang identifies itself as an "outlaw" motorcycle gang. Its members identify themselves with patches, tattoos, and insignia, identifying their connection to the Mongols Motorcycle Gang and status within the organization.  Specifically, members of the Mongols Motorcycle Gang ("Mongols Members") will frequently wear leather vests with the "patched" image of a Mongol motorcycle rider and the name of the member's regional "chapter" sewn on the vests.  Many also display the designation of "1%," which is a statement used to distinguish Mongols Members from the "99%" of motorcycle club members who are legitimate and law-abiding.  Mongols Members define themselves as within the "1%" who are not legitimate and who do not adhere to the law or the rights of others.  Mongols Members may also display the "MFFM" patch or tattoo to identify themselves as "Mongols Forever Forever Mongols." Associates seeking to become full-fledged "Patched Members" of the Mongols Motorcycle Gang are referred to as "prospects" and may wear "soft colors" of black and white shirts that bear "Support Your Local Mongols" or "S.Y.L.M. Upon becoming a "Patched Member," an individual

receives a vest that identifies him as a member of the Mongols Motorcycle Gang. That "Patched Member" may be required to wear a diamond-shaped patch with the letter "P" in the middle to signify a probationary status. Girlfriends and wives of Mongols Members may be permitted to wear a jacket or a vest that bears a "Property of" patch and identifies the Mongol member to whom they are attached. Prospective members and their wives and girlfriends must provide personal identifying information and motor vehicle information to the Mongols Motorcycle Gang in California for background checks.

4. Defendants **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [2] AELIX SANTIAGO, a/k/a "GOON," a/k/a "BIG O," a/k/a "BIG OFFIT," [7] JAMES HINES, a/k/a "FESTER," [8] MICHAEL FORRESTER, JR., a/k/a "STIX," [9] STEPHEN COLE, a/k/a "LURCH," [10] JAMIE HERN, a/k/a "J-ROC," [11] ROBERT HUMISTON, a/k/a "BRIC," a/k/a "BRICHANDS," [12] MICHAEL MYERS, a/k/a "YEA YEA," and [13] MICHAEL LEVI WEST, a/k/a "SMURF," a/k/a "BLUE,"** along with JACOB ORT, now deceased, were prospective and/or founding members of the Clarksville, Tennessee, Chapter of the Mongols Motorcycle Gang, which became the first Mongols Motorcycle Gang chapter in Tennessee. In or about March 2015, some of the defendants became recruits or "prospects" of the Mongols Motorcycle Gang, and all but **[8] MICHAEL FORRESTER, JR., a/k/a "STIX," [12] MICHAEL MYERS, a/k/a "YEA YEA,"** and JACOB ORT, now deceased, received their Mongols Motorcycle Gang Patches in July 2016, in Palm Springs, California, at the "National Run," an annual gathering of Mongols Members. Before receiving their Patches, they were prospective/probationary associates supervised by members of the Mongols Motorcycle Gang's Harbor Chapter in California, which sponsored the Clarksville, Tennessee, Chapter. Supervising Mongols Members were referred to as "Patch Daddies." In July 2017, some members of the Clarksville Chapter traveled to Palm Springs, California, for the Mongols

"National Run," where they were allowed to remove their diamond-shaped patches with the letter "P" in the middle. Additionally, in July 2017, the Clarksville, Tennessee, Chapter appeared on the Mongols Motorcycle Gang's website as an official chapter.

5.  The leadership and governing body of the Mongols Motorcycle Gang is its "Mother Chapter," which exercises authority over the actions of individual Mongols Members and the regional chapters. Mongols Members pay money into the Mother Chapter in the form of fees, dues, and "taxes." Those funds are used, in part, to fund and promote the organization and pay for the legal expenses of Mongols Members when they are prosecuted for committing crimes on behalf of the organization. The Mother Chapter collects and reviews all membership applications and resolves disputes within the organization. The Mother Chapter is comprised of the Mongols Motorcycle Gang's national officers.

6.  The Mongols Motorcycle Gang maintains an established structure and leadership, including a written "constitution" and "by-laws" of the organization, which set forth the rules of membership and a code of conduct for the organization, as well as penalties for non-compliance with the rules of the organization. Regional chapters of the Mongols Motorcycle Gang are directed by chapter presidents and other officers, including the chapter's "vice president," "secretary/treasurer," and "sergeant-at-arms," who is required to maintain the weapons and firearms for the chapter.

7.  In addition to crimes of violence, including murder, conspiracy to commit murder, attempted murder, kidnapping, robbery, extortion, and witness tampering, the Mongols Motorcycle Gang is actively engaged in large-scale drug trafficking, including Methamphetamine, and Oxymorphone and money-laundering. Members of the Clarksville Mongols traveled to California on numerous occasions and obtained large quantities of Methamphetamine from members of the Mongols Motorcycle Gang's Harbor Chapter and transported that

Methamphetamine back to Tennessee and Kentucky where it was distributed. In turn, members of the Clarksville Mongols paid proceeds from the drug trafficking to members of the Harbor Chapter.

Purposes of the Clarksville Mongols Enterprise

8.     The purposes of the Clarksville Mongols Enterprise, including its members and associates, include, but are not limited to, the following:

      a.     Enriching the leaders, members, associates, and prospects of the Mongols Motorcycle Gang through, among other things, illegal trafficking of narcotics, including Methamphetamine and Oxymorphone, in territory controlled by the Mongols Motorcycle Gang.

      b.     Maintaining the control and authority of the Mongols Motorcycle Gang over the territory claimed by the gang.

      c.     Preserving, protecting, and expanding the power of the Mongols Motorcycle Gang through the use of intimidation, violence, threats of violence, assault, kidnapping, and murder.

      d.     Promoting and enhancing the enterprise and the authority and activities of the leaders, members, associates, and prospects of the Mongols Motorcycle Gang.

Means and Methods of the Clarksville Mongols Enterprise

9.     The means and methods by which the defendants and their co-conspirators conduct and participate in the conduct of the affairs of the Clarksville Mongols Enterprise include:

      a.     Members of the Clarksville Mongols commit, attempt to commit, and threaten to commit acts of violence to protect and expand the enterprise's criminal operation, which includes murder, assaults, intimidation, robbery, extortion, witness tampering, money laundering, drug trafficking, and threats of violence directed against rival gang members, law enforcement, and potential witnesses to the crimes of the enterprise.

b.      Members of the Clarksville Mongols and their associates promote a climate of fear through intimidation, violence, and threats of violence intended to promote the authority of the Clarksville Mongols Enterprise and insulate its members from liability for drug-trafficking and violent crimes committed on behalf of the organization.

c.      Members of the Clarksville Mongols use the enterprise to murder, attempt to murder, kidnap, assault, intimidate, and threaten those who pose a threat to the enterprise.

d.      Members and associates of the Clarksville Mongols Enterprise engage in the interstate and intrastate trafficking of controlled substances as a means to generate income for themselves and the organization.

The Racketeering Conspiracy

10.      Beginning on a date unknown to the Grand Jury, but since at least March 2015, and continuing up through and including the present, in the Middle District of Tennessee and elsewhere, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [2] AELIX SANTIAGO, a/k/a "GOON," a/k/a "BIG O," a/k/a "BIG OFFIT," [3] KYLE HEADE, [6] JOEL ALDRIDGE, a/k/a "SLEEZY," a/k/a "SPOON," [7] JAMES HINES, a/k/a "FESTER," [8] MICHAEL FORRESTER, JR., a/k/a "STIX," [9] STEPHEN COLE, a/k/a "LURCH," [10] JAMIE HERN, a/k/a "J-ROC," [11] ROBERT HUMISTON, "BRIC," a/k/a "BRICHANDS," [12] MICHAEL MYERS, a/k/a "YEA YEA," [13] MICHAEL LEVI WEST, a/k/a "SMURF," a/k/a "BLUE," and [14] ADRIANNA FRAZIER, a/k/a "ADRIANNA MILES,"** together and with others known and unknown to the Grand Jury, each being a person employed by and associated with the Clarksville Mongols, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully, willfully, and intentionally did conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the

Clarksville Mongols Enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and (5), which pattern of racketeering activity consisted of:

a.    multiple acts in violation of the laws of Tennessee;

    (1)    acts and threats involving murder, in violation of Tennessee Code Annotated §§ 39-13-201, 39-13-202, 39-12-101, 39-12-103, 39-11-401, and 39-11-402;

    (2)    acts and threats involving kidnapping, in violation of Tennessee Code Annotated §§ 39-13-301 to 39-13-305, 39-12-101, 39-12-103, 39-11-401, and 39-11-402;

    (3)    acts and threats involving robbery, in violation of Tennessee Code Annotated §§ 39-13-401 to 39-13-403, 39-12-101, 39-12-103, 39-11-401, and 39-11-402;

    (4)    acts and threats involving extortion, in violation of Tennessee Code Annotated § 39-14-112, 39-12-101, 39-12-103, 39-11-401, and 39-11-402;

b.    multiple offenses involving dealing in controlled substances, in violation of 21 U.S.C. §§ 841 and 846; and

c.    multiple acts indictable under the following federal laws;

    (1)    18 U.S.C. § 1512 (Related to Witness Tampering);

    (2)    18 U.S.C. § 1951 (Related to Hobbs Act Robbery and Extortion);

    (3)    18 U.S.C. § 1952 (Related to Interstate Travel in Aid of Racketeering); and

    (4)    18 U.S.C. § 1956 (Related to Money Laundering).

11.     It was part of the conspiracy that each defendant agreed that a member of the conspiracy would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

<u>Overt Acts</u>

12.     Overt Acts committed by the defendants and their co-conspirators and others known and unknown to the Grand Jury, in furtherance of the racketeering conspiracy, include, but are not limited to, the following:

a.     Beginning on a date unknown to the Grand Jury, but since at least March 2015, and continuing up through and including the present, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [2] AELIX SANTIAGO, a/k/a "GOON," a/k/a "BIG O," a/k/a "BIG OFFIT," [7] JAMES HINES, a/k/a "FESTER," [8] MICHAEL FORRESTER, JR., a/k/a "STIX," [9] STEPHEN COLE, a/k/a "LURCH," [10] JAMIE HERN, a/k/a "J-ROC," [11] ROBERT HUMISTON, a/k/a "BRIC," a/k/a "BRICHANDS," [12] MICHAEL MYERS, a/k/a "YEA YEA," and [13] MICHAEL LEVI WEST, a/k/a "SMURF," a/k/a "BLUE,"** held, attended, and supported weekly meetings, also known as "Church" or "Misa," at various residences and business locations throughout Clarksville, Tennessee, including bars and/ or restaurants, wherein they discussed club business and paid dues.

b.     On or about March 16, 2015, in Clarksville, Tennessee, **[6] JOEL ALDRIDGE, a/k/a "SLEEZY," a/k/a "SPOON,"** sold approximately 13 grams of Methamphetamine to another individual in exchange for $960.

c.     On or about March 20, 2015, in Charlotte, Tennessee, **[6] JOEL ALDRIDGE, a/k/a "SLEEZY," a/k/a "SPOON,"** sold approximately 30 grams of Methamphetamine to another individual in exchange for $1,600.

d.    On or about April 20, 2015, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [6] JOEL ALDRIDGE, a/k/a "SLEEZY," a/k/a "SPOON," and [8] MICHAEL FORRESTER, JR., a/k/a "STIX,"** along with JACOB ORT, now deceased, utilized, among other things, a firearm and a taser, and kidnapped and physically assaulted Victim J.C., at a motel in Clarksville, Tennessee.

e.    On or about May 15, 2015, the Sin City Motorcycle Clubhouse in Nashville, Tennessee, was destroyed by fire.

f.    On or about May 17, 2015, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL,"** and JACOB ORT, now deceased, set fire to the Sin City Motorcycle Clubhouse in Clarksville, Tennessee.

g.    On an exact date unknown, but no later than May 20, 2015, at a residence in Clarksville, Tennessee, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL,"** and JACOB ORT, now deceased, interrogated Victim S.B. and another individual regarding stolen narcotics, firearms, and money.

h.    On or about May 21, 2015, at a residence in Clarksville, Tennessee, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [2] AELIX SANTIAGO, a/k/a "GOON," a/k/a "BIG O," a/k/a "BIG OFFIT," [6] JOEL ALDRIDGE, a/k/a "SLEEZY," a/k/a "SPOON," [8] MICHAEL FORRESTER, JR., a/k/a "STIX,"** and JACOB ORT, now deceased, unlawfully kidnapped and held Victim S.B. and Victim J.E.C., while they interrogated Victim S.B. at gunpoint regarding stolen narcotics, firearms, and money.

i.    On or about May 21, 2015, at a residence in Clarksville, Tennessee **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [2] AELIX SANTIAGO, a/k/a "GOON," a/k/a "BIG O," a/k/a "BIG OFFIT," [6] JOEL ALDRIDGE, a/k/a "SLEEZY," a/k/a "SPOON," [8] MICHAEL FORRESTER, JR., a/k/a "STIX,"** and

JACOB ORT, now deceased, extorted Victim S.B. when they took Victim S.B.'s Dodge Durango through force and coercion.

j.      On or about May 22, 2015, in the area of Clarksville, Tennessee, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [6] JOEL ALDRIDGE, a/k/a "SLEEZY," a/k/a "SPOON,"** and JACOB ORT, now deceased, kidnapped Victim S.B. and Victim B.C., at gunpoint and transported them to a cemetery in Bumpus Mills, Tennessee.

k.      On or about May 22, 2015, in Bumpus Mills, Tennessee, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [6] JOEL ALDRIDGE, a/k/a "SLEEZY," a/k/a "SPOON,"** and JACOB ORT, now deceased, murdered Victim S.B. in a wooded area behind the cemetery by shooting Victim S.B. at least eight (8) times, including once in the head and multiple times in the arms.

l.      On or about June 3, 2015, **[2] AELIX SANTIAGO, a/k/a "GOON," a/k/a "BIG O," a/k/a "BIG OFFIT,"** while wearing a shirt supporting the Mongols Motorcycle Gang's Harbor Chapter, identified himself to officers of the Clarksville Police Department as a Mongols Member and stated that the Mongols Motorcycle Gang is a multi-million dollar corporation that "own[s] Tennessee."

m.      On or about June 23, 2015, in Montgomery County, Tennessee **[8] MICHAEL FORRESTER, JR., a/k/a "STIX,"** and JACOB ORT, now deceased, assaulted Victim T.S. with a dangerous weapon when they pointed a firearm at him and verbally threatened Victim T.S.

n.      On or about July 3, 2015, in Clarksville, Tennessee **[8] MICHAEL FORRESTER, JR., a/k/a "STIX,"** JACOB ORT, now deceased, and others robbed Victim J.M. and Victim C.G. at gunpoint in the parking lot of an apartment complex.

o.     On or about July 4, 2015, in Hopkinsville, Kentucky, **[8] MICHAEL FORRESTER, JR., a/k/a "STIX,"** JACOB ORT, now deceased, and others assaulted, threatened, and robbed Victim T.O. when they broke into Victim T.O.'s residence pistol-whipped Victim T.O. in the head, and held Victim T.O. at knife-point, while stealing Victim T.O.'s belongings.

p.     Between in or about August 2015 through in or about October 2015, **[2] AELIX SANTIAGO, a/k/a "GOON," a/k/a "BIG O," a/k/a "BIG OFFIT," [7] JAMES HINES, a/k/a "FESTER," and [9] STEPHEN COLE, a/k/a "LURCH,"** and others communicated with each other and other individuals about providing their personal identifying information and vehicle information, and did provide their personal identifying information and vehicle information, and that of their girlfriends and wives, for the purpose of sending said information to Mongols Members located in California for a background check.

q.     On or about September 25, 2015, in Clarksville, Tennessee **[10] JAMIE HERN, a/k/a "J-ROC"** arranged for a female individual to have sex with a group of Mongols Members from chapters outside Tennessee, at a hotel.

r.     Between in or about October 2015, and on or about a date prior to December 14, 2015, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," and [13] MICHAEL LEVI WEST, a/k/a "SMURF," a/k/a "BLUE"** traveled to California and obtained an unknown quantity of Methamphetamine from T.C., a male coconspirator member of the Mongols Harbor Chapter in California, now deceased, and brought it back to Tennessee for distribution in Tennessee and Kentucky.

s.     Between in or about December 2015, through on or about January 15, 2016, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL,"** provided one-quarter

(1/4) of a pound to one (1) pound quantities of Methamphetamine to **[15] DEREK LEIGHTON STANLEY** on approximately 10-15 occasions for distribution in Kentucky and elsewhere.

t. On or about December 14, 2015, in Nashville, Tennessee, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL,"** delivered at least $12,000 in U.S. currency, the proceeds of Methamphetamine sales, to T.C., a male coconspirator member of the Mongols Harbor Chapter in California, now deceased, at a hotel.

u. On or about December 15, 2015, T.C., a male coconspirator member of the Mongols Harbor Chapter in California, now deceased, was arrested during a traffic stop in Dickson, Tennessee, with $44,000.00 in U.S. currency and numerous shirts displaying Mongols' insignia.

v. Between on or about December 22, 2015, through on or about December 26, 2015, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [9] STEPHEN COLE, a/k/a "LURCH,"** and others traveled to California and obtained approximately ten (10) pounds of Methamphetamine from T.C., a male coconspirator member of the Mongols Harbor Chapter in California, now deceased, and brought it back to Tennessee for distribution in Tennessee and Kentucky.

w. On or about December 25, 2015, **[7] JAMES HINES, a/k/a "FESTER,"** sold one ounce of Methamphetamine to a male individual, P.A., for approximately $1,500.

x. On or about December 31, 2015, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL,"** provided one (1) pound of Methamphetamine to **[9] STEPHEN COLE, a/k/a "LURCH,"** for distribution in Tennessee and Kentucky.

y. Between on or about December 31, 2015, through on or about January 1, 2016, in Oak Grove, Kentucky, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a**

"**SPECIAL**," distributed and possessed with the intent to distribute a quantity of Methamphetamine equal to two (2) baseballs in size out of a room at a hotel.

z.     On or about January 1, 2016, **[3] KYLE HEADE** delivered cash and a distributable quantity of Methamphetamine equal to two (2) baseballs in size to **[10] JAMIE HERN, a/k/a "J-ROC,"** at a gas station off Exit 1, Interstate 24, in Clarksville, Tennessee.

aa.     Between on an exact date unknown, but no later than January 6, 2016, through on or about January 8, 2016, in Clarksville, Tennessee **[13] MICHAEL LEVI WEST, a/k/a "SMURF," a/k/a "BLUE,"** distributed at least eleven grams of Methamphetamine to other individuals for further distribution.

bb.     On or about January 9, 2016, in Clarksville, Tennessee, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [3] KYLE HEADE,** and others purchased approximately 80 to 90 pills containing Oxymorphone, a Schedule II controlled substance, in exchange for approximately $3,000 to $3,500. **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL,"** provided a firearm to **[3] KYLE HEADE** to use as protection during the drug deal.

cc.     On or about January 16, 2016, in Clarksville, Tennessee, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," and [2] AELIX SANTIAGO, a/k/a "GOON," a/k/a "BIG O," a/k/a "BIG OFFIT," [3] KYLE HEADE,** and others attempted to purchase approximately 90 pills containing Oxymorphone, a Schedule II controlled substance, in exchange for $5,400. During the drug deal, **[3] KYLE HEADE** shot and wounded another individual, using a Smith and Wesson 9 mm handgun provided by **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," and [2] AELIX SANTIAGO, a/k/a "GOON," a/k/a "BIG O," a/k/a "BIG OFFIT."**

dd.     On or about January 16, 2016, at a residence in Clarksville, Tennessee, **[1]**
**JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL,"** possessed, among other
things, approximately 34.5 grams of 99% pure Methamphetamine, three (3) pills containing
Oxymorphone, a Schedule II controlled substance, $41,940 in U.S. currency, sixty dollars ($60)
of which was prerecorded law enforcement funds used during a controlled buy of
Methamphetamine that occurred on January 6, 2016. **[1] JAMES WESLEY FRAZIER, a/k/a
"SLO-MO," a/k/a "SPECIAL,"** also possessed a Springfield Armory .45 caliber handgun as
protection for his narcotics and drug trafficking proceeds.

ee.     On or about January 16, 2016, at a residence on in Clarksville, Tennessee,
**[2] AELIX SANTIAGO, a/k/a "GOON," a/k/a "BIG O," a/k/a "BIG OFFIT,"** possessed,
among other things, approximately 100 pills containing Alprazolam, a Schedule IV controlled
substance, and $2,580 in U.S. currency bundled in rubber bands. **[2] AELIX SANTIAGO, a/k/a
"GOON," a/k/a "BIG O," a/k/a "BIG OFFIT,"** also possessed a PAP .45 caliber handgun as
protection for his illegal narcotics and illegal cash proceeds.

ff.     On or about January 17, 2016, at a residence in Clarksville, Tennessee, **[7]
JAMES HINES, a/k/a "FESTER," [9] STEPHEN COLE, a/k/a "LURCH," and [10] JAMIE
HERN, a/k/a "J-ROC,"** kidnapped and held hostage Victim C.D. and Victim S.P. at gunpoint
and interrogated Victim C.D. about the location of drug proceeds while they searched the residence
for the drug proceeds.

gg.     On or about January 27, 2016, T.C., a male coconspirator member of the
Mongols Harbor Chapter in California, now deceased, **[9] STEPHEN COLE, a/k/a "LURCH,"
and [10] JAMIE HERN, a/k/a "J-ROC,"** attended a court hearing for **[1] JAMES WESLEY
FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," and [2] AELIX SANTIAGO, a/k/a**

"GOON," a/k/a "BIG O," a/k/a "BIG OFFIT," at the Montgomery County Courthouse in Clarksville, Tennessee.

hh.     From on or about February 16, 2016, through on or about February 20, 2016, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [13] MICHAEL LEVI WEST, a/k/a "SMURF," a/k/a "BLUE," and [14] ADRIANNA FRAZIER, a/k/a "ADRIANNA MILES,"** while armed with firearms, traveled to California and obtained approximately fifteen (15) pounds of Methamphetamine from T.C., a male coconspirator member of the Mongols Harbor Chapter in California, now deceased, and brought it back to Tennessee and Kentucky for distribution in Tennessee and Kentucky.

ii.     From on or about February 24, 2016, through on or about August 31, 2016, **[12] MICHAEL MYERS, a/k/a "YEA YEA,"** rented a unit at a storage facility in Clarksville, Tennessee, and listed **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL,"** as an individual with authorized access to the unit. During this timeframe, members of the Clarksville Mongols utilized Unit 4051 to store the pounds of Methamphetamine obtained in California and transported to Clarksville, Tennessee, for distribution in Tennessee and Kentucky.

jj.     From on or about March 4, 2016, through on or about March 13, 2016, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [7] JAMES HINES, a/k/a "FESTER," [9] STEPHEN COLE, a/k/a "LURCH," [12] MICHAEL MYERS, a/k/a "YEA YEA," [13] MICHAEL LEVI WEST, a/k/a "SMURF," a/k/a "BLUE," [14] ADRIANNA FRAZIER, a/k/a "ADRIANNA MILES,"** and others, attended Bike Week in Daytona Beach, Florida, and met with members of the Mongols Motorcycle Gang's leadership and other Mongols Members.

kk.     In or about March 2016, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," and [14] ADRIANNA FRAZIER, a/k/a "ADRIANNA MILES,"**

counted and boxed approximately $100,000 in U.S. currency from the sale of Methamphetamine and **[2] AELIX SANTIAGO, a/k/a "GOON," a/k/a "BIG O," a/k/a "BIG OFFIT,"** delivered it to T.C., a male coconspirator member of the Mongols Harbor Chapter in California, now deceased, in Tennessee.

ll.     On March 14, 2016, **[2] AELIX SANTIAGO, a/k/a "GOON," a/k/a "BIG O," a/k/a "BIG OFFIT,"** and T.C., a male coconspirator member of the Mongols Harbor Chapter in California, now deceased, threatened a member of the Iron Rockets Motorcycle Club at a restaurant in Clarksville, Tennessee.

mm.    Between on or about March 28, 2016, through on or about April 2, 2016, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [14] ADRIANNA FRAZIER, a/k/a "ADRIANNA MILES,"** and others traveled to California and obtained approximately twenty-five (25) pounds of Methamphetamine from T.C., a male coconspirator member of the Mongols Harbor Chapter in California, now deceased, and brought it back to Tennessee and Kentucky for distribution in Tennessee and Kentucky.

nn.    In or about April 2016, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [2] AELIX SANTIAGO, a/k/a "GOON," a/k/a "BIG O," a/k/a "BIG OFFIT," [14] ADRIANNA FRAZIER, a/k/a "ADRIANNA MILES,"** and others counted and boxed approximately $120,000 in U.S. currency from the sale of Methamphetamine and delivered it to T.C., a male coconspirator member of the Mongols Harbor Chapter in California, now deceased, at a hotel in Nashville, Tennessee, where T.C. was staying.

oo.    In or about April 2016, **[7] JAMES HINES, a/k/a "FESTER,"** and others attended a meeting to discuss starting a chapter of the Raiders Motorcycle Club in Clarksville, Tennessee. The Raiders is the official support club of the Mongols Motorcycle Gang. Members of a support club generally carry out tasks at the request of its 1% club – such as intimidating other

motorcycle clubs and members, guarding motorcycles, and keeping watch while the members of the 1% club conduct club business.

pp. Between in or about April 2016, through in or about June 2016, members of the Clarksville Mongols actively recruited individuals to become members of the prospective Clarksville Chapter of the Raiders Motorcycle Club.

qq. On or about April 24, 2016, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [2] AELIX SANTIAGO, a/k/a "GOON," a/k/a "BIG O," a/k/a "BIG OFFIT," and [14] ADRIANNA FRAZIER, a/k/a "ADRIANNA MILES,"** while armed with a Glock 9 mm pistol, an extra 30 round magazine for the pistol, and a Rock Island 1911, .40 caliber handgun, traveled from Oak Grove, Kentucky, to Boone County, Missouri, where they were traffic stopped for traveling in a stolen vehicle. During the traffic stop, law enforcement located and seized approximately 113 grams of 100% pure Methamphetamine and varying amounts of other illegal controlled substances.

rr. On or about May 11, 2016, in Oak Grove, Kentucky, **[12] MICHAEL MYERS, a/k/a "YEA YEA,"** sold approximately 3 grams of 96% pure Methamphetamine to another individual in exchange for $300.

ss. In or about May 2016, in Clarksville, Tennessee, **[7] JAMES HINES, a/k/a "FESTER,"** instructed members of the prospective Clarksville Chapter of the Raiders Motorcycle Club that they should be "blacked out" (not wearing any clothing associating themselves with the Raiders Motorcycle Club or Mongols Motorcycle Gang) when they "Smash on Site" (assault) members of the Iron Order/Iron Rockets Motorcycle Club and that **[7] JAMES HINES, a/k/a "FESTER,"** wanted them to take "souvenirs" meaning vests from the Iron Order/Iron Rockets members.

tt. On May 14, 2016, a Clarksville Mongol instructed members of the Raiders Motorcycle Club to meet at a bar in Clarksville, Tennessee, where members of the Clarksville Mongols and the prospective Clarksville Chapter of the Raiders Motorcycle Club planned a future meeting where they would be "blacked out" to hunt down and assault Iron Order/Iron Rockets members.

uu. On or about May 16, 2016, **[11] ROBERT HUMISTON, a/k/a "BRIC," a/k/a "BRICHANDS,"** and members of the prospective Clarksville Chapter of the Raiders Motorcycle Club got into a fight with members of the Iron Order/Iron Rockets at a bar in Clarksville, Tennessee.

vv. On or about May 31, 2016, at a restaurant in Clarksville, Tennessee, **[11] ROBERT HUMISTON, a/k/a "BRIC," a/k/a "BRICHANDS,"** and others assaulted members of the Iron Order Motorcycle Club, knocking them unconscious and kicking them, thereby causing bodily injuries that required medical treatment.

ww. On or about July 13, 2016, at a bar in Clarksville, Tennessee, members of the Clarksville Mongols ordered a member of the Diablos Motorcycle Club to "remove his cut and never wear it again." When the member refused, members of the Clarksville Mongols physically assaulted the member of the Diablos Motorcycle Club, causing minor injuries and a small knot on the members' face and head.

xx. On or about July 14, 2016, **[11] ROBERT HUMISTON, a/k/a "BRIC," a/k/a "BRICHANDS,"** shot at Victim M.F. multiple times for no reason other than Victim M.F. was wearing a vest that identified him as a member of the Iron Order Motorcycle Club. The bullets fired by **[11] ROBERT HUMISTON, a/k/a "BRIC," a/k/a "BRICHANDS,"** struck Victim M.F. three times, causing him to be transported by life flight to Vanderbilt Medical Center for medical treatment.

yy.     Between on or about October 26, 2016, through on or about November 9, 2016, **[2] AELIX SANTIAGO, a/k/a "GOON," a/k/a "BIG O," a/k/a "BIG OFFIT," [7] JAMES HINES, a/k/a "FESTER," [9] STEPHEN COLE, a/k/a "LURCH," [10] JAMIE HERN, a/k/a "J-ROC," [11] ROBERT HUMISTON, a/k/a "BRIC," a/k/a "BRICHANDS," [13] MICHAEL LEVI WEST, a/k/a "SMURF," a/k/a "BLUE,"** and others kidnapped Victim S.P. from a hotel in Nashville, Tennessee, and transported her to **[13] MICHAEL LEVI WEST's, a/k/a "SMURF," a/k/a "BLUE,"** residence in Oak Grove, Kentucky, where she was held against her will and interrogated about the death of T.C., a male coconspirator member of the Mongols Harbor Chapter in California, now deceased. During that time, Victim S.P. was physically assaulted and verbally threatened, causing her to fear for her life.

zz.     On or about December 31, 2016, **[2] AELIX SANTIAGO, a/k/a "GOON," a/k/a "BIG O," a/k/a "BIG OFFIT," and [8] MICHAEL FORRESTER, JR., a/k/a "STIX,"** assaulted a male individual at a restaurant in Clarksville, Tennessee.

aaa.     Between on or about April 27, 2017, and April 30, 2017, **[9] STEPHEN COLE, a/k/a "LURCH," and [11] ROBERT HUMISTON, a/k/a "BRIC," a/k/a "BRICHANDS,"** and others traveled to New York City and attended a motorcycle rally hosted by the Mongols Motorcycle Gang.

All in violation of Title 18, United States Code, Section 1962(d).

(Drug Conspiracy—21 U.S.C. §§ 841(a) and 846)

13.     Beginning on a date unknown to the Grand Jury, but since at least March 2015, and continuing up through and including the present, in the Middle District of Tennessee and elsewhere, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [2] AELIX SANTIAGO, a/k/a "GOON," a/k/a "BIG O," a/k/a "BIG OFFIT," [3] KYLE HEADE, [6] JOEL ALDRIDGE, a/k/a "SLEEZY," a/k/a "SPOON," [7] JAMES HINES, a/k/a "FESTER," [8] MICHAEL FORRESTER, JR., a/k/a "STIX," [9] STEPHEN COLE, a/k/a "LURCH," [10] JAMIE HERN, a/k/a "J-ROC," [12] MICHAEL MYERS, a/k/a "YEA YEA," [13] MICHAEL LEVI WEST, a/k/a "SMURF," a/k/a "BLUE," [14] ADRIANNA FRAZIER, a/k/a "ADRIANNA MILES," and [15] DEREK LEIGHTON STANLEY**, did combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute fifty (50) grams or more of Methamphetamine, a Schedule II controlled substance, in violation of Title 21, United State Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

## COUNT THREE

(Money Laundering Conspiracy—18 U.S.C. § 1956(h))

### THE CONSPIRACY

14.     Beginning on a date unknown to the Grand Jury, but since at least March 2015, and continuing up through and including the present, in the Middle District of Tennessee and elsewhere, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [2] AELIX SANTIAGO, a/k/a "GOON," a/k/a "BIG O," a/k/a "BIG OFFIT," [3] KYLE HEADE, [6] JOEL ALDRIDGE, a/k/a "SLEEZY," a/k/a "SPOON," [7] JAMES HINES,**

a/k/a "FESTER," [8] MICHAEL FORRESTER, JR., a/k/a "STIX," [9] STEPHEN COLE, a/k/a "LURCH," [10] JAMIE HERN, a/k/a "J-ROC," [12] MICHAEL MYERS, a/k/a "YEA YEA," [13] MICHAEL LEVI WEST, a/k/a "SMURF," a/k/a "BLUE," [14] ADRIANNA FRAZIER, a/k/a "ADRIANNA MILES," and [15] DEREK LEIGHTON STANLEY, did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit: to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, to distribute and possess with intent to distribute Methamphetamine and conspiracy to commit the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, with the intent to promote the carrying on of specified unlawful activity, that is distribution and possession with intent to distribute of Methamphetamine and conspiracy to commit the same, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

MANNER AND MEANS

15.    The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

a.    Traveling from Tennessee and Kentucky to California to obtain Methamphetamine from Mongols Members in California and transporting the Methamphetamine back to Tennessee and Kentucky for distribution;

b.    Transporting the proceeds in U.S. currency from the Methamphetamine distribution in Tennessee and Kentucky to Mongols Members in California as payment for the Methamphetamine and to obtain additional quantities of Methamphetamine for distribution in

Tennessee and Kentucky;

        c.      Transferring the proceeds in U.S. currency from Methamphetamine distribution in Tennessee and Kentucky to California Mongols Members located in Tennessee for transport by the California Mongols Members to California; and

        d.      Wiring the proceeds of the Methamphetamine distributions from Tennessee and Kentucky to Mongols Members in California.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT FOUR

(Distribution of and Possession with Intent to Distribute Methamphetamine
21 U.S.C. § 841(a))

16.     On or about March 16, 2015, in the Middle District of Tennessee, **[6] JOEL ALDRIDGE, a/k/a "SLEEZY," a/k/a "SPOON,"** did knowingly and intentionally distribute and possess with intent to distribute five (5) grams or more of Methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FIVE

(Distribution of and Possession with Intent to Distribute Methamphetamine
21 U.S.C. § 841(a))

17.     On or about March 20, 2015, in the Middle District of Tennessee, **[6] JOEL ALDRIDGE, a/k/a "SLEEZY," a/k/a "SPOON,"** did knowingly and intentionally distribute and possess with intent to distribute five (5) grams or more of Methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

(Kidnapping—18 U.S.C. § 1201(a)(1))

18.     On or about May 22, 2015, in the Middle District of Tennessee, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [6] JOEL ALDRIDGE, a/k/a "SLEEZY," a/k/a "SPOON,"** and JACOB ORT, now deceased, together and with others known and unknown to the Grand Jury, did knowingly and unlawfully kidnap, abduct, carry away, and hold Victim S.B. and Victim B.C., for the purpose of witness intimidation and murder, and, in committing or in furtherance of the commission of the offense, used any means, facility, and instrumentality of interstate or foreign commerce, to wit: cellular telephones.

In violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

## COUNT SEVEN

(Kidnapping in Aid of Racketeering—18 U.S.C. § 1959(a)(1))

19.     At all times relevant to this Indictment, the Clarksville Mongols, as more fully described in Paragraphs 1 through 9 of this Indictment, which are re-alleged and incorporated by reference as though set forth fully herein, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), namely the Clarksville Mongols, including its leadership, members, and associates, that is, a group of individuals associated in fact which was engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

20.     At all times relevant to this Indictment, the above-described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving kidnapping, robbery, and extortion,

in violation of Tennessee state law, and narcotics trafficking, in violation of Title 21, United States Code, Sections 841 and 846.

21.     On or about May 22, 2015, in the Middle District of Tennessee, for the purpose of gaining entrance to, and maintaining and increasing position in, the Clarksville Mongols, an enterprise engaged in racketeering activity, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [6] JOEL ALDRIDGE, a/k/a "SLEEZY," a/k/a "SPOON,"** and JACOB ORT, now deceased, together with others known and unknown to the Grand Jury, did knowingly and unlawfully kidnap Victim S.B. and Victim B.C., in violation of Tennessee Code Annotated Sections 39-11-401, 39-11-402, and 39-13-301 to 39-13-305.

All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT EIGHT

(Murder in Aid of Racketeering—18 U.S.C. § 1959(a)(1))

22.     At all times relevant to this Indictment, the Clarksville Mongols, as more fully described in Paragraphs 1 through 9 of this Indictment, which are re-alleged and incorporated by reference as though set forth fully herein, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), namely the Clarksville Mongols, including its leadership, members, and associates, that is, a group of individuals associated in fact which was engaged in, and the activities of which affected, interstate and foreign commerce.   The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

23.     At all times relevant to this Indictment, the above-described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving kidnapping, robbery, and extortion,

in violation of Tennessee state law, and narcotics trafficking, in violation of Title 21, United States Code, Sections 841 and 846.

24.     On or about May 22, 2015, in the Middle District of Tennessee, for the purpose of gaining entrance to, and maintaining and increasing position in, the Clarksville Mongols, an enterprise engaged in racketeering activity, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [6] JOEL ALDRIDGE, a/k/a "SLEEZY," a/k/a "SPOON,"** and JACOB ORT, now deceased, together and with others known and unknown to the Grand Jury, did murder Victim S.B., in violation of Tennessee Code Annotated Sections 39-11-401, 39-11-402, 39-13-201, and 39-13-202.

All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

COUNT NINE

(Use of a Firearm During and in Relation to of a Crime of Violence<br>18 U.S.C. § 924(c)(1)(A))

25.     On or about May 22, 2015, in the Middle District of Tennessee, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [6] JOEL ALDRIDGE, a/k/a "SLEEZY," a/k/a "SPOON,"** and JACOB ORT, now deceased, did knowingly use, carry, brandish, and discharge a firearm, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, Kidnapping of Victim S.B. and Victim B.C., as charged in Count Six of this Indictment, Kidnapping in Aid of Racketeering of Victim S.B. and Victim B.C., as charged in Count Seven of this Indictment, and the Murder in Aid of Racketeering of Victim S.B., as charged in Count Eight of this Indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT TEN

(Use of a Firearm During and in Relation to a Crime of Violence Causing Death
18 U.S.C. § 924(j)(1))

26.     On or about May 22, 2015, in the Middle District of Tennessee, **[1] JAMES
WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [6] JOEL ALDRIDGE, a/k/a
"SLEEZY," a/k/a "SPOON,"** and JACOB ORT, now deceased, did knowingly use, carry,
brandish, and discharge a firearm, during and in relation to a crime of violence for which they may
be prosecuted in a court of the United States, that is, Kidnapping of Victim S.B., as charged in
Count Six of this Indictment, Kidnapping in Aid of Racketeering of Victim S.B., as charged in
Count Seven of this Indictment, and the Murder in Aid of Racketeering of Victim S.B., as charged
in Count Eight of this Indictment, and in the course of those crimes, did cause the death of a person,
Victim S.B., through the use of a firearm, the killing of whom was murder as defined in Title 18,
United States Code, Section 1111.

All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

## COUNT ELEVEN

(Use of a Firearm During and in Relation to a Drug Trafficking Crime Causing Death
18 U.S.C. § 924(c) and (j))

27.     On or about May 22, 2015, in the Middle District of Tennessee, **[1] JAMES
WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [6] JOEL ALDRIDGE, a/k/a
"SLEEZY," a/k/a "SPOON,"** and JACOB ORT, now deceased, did knowingly use, carry,
brandish, and discharge a firearm during and in relation to a drug trafficking crime for which they
may be prosecuted in a court of the United States, that is, Conspiracy to Distribute and Possess
with Intent to Distribute Fifty (50) Grams or More of Methamphetamine, a Schedule II controlled
substance, as charged in Count Two of this Indictment, and in the course of such violation did

cause the death of a person, Victim S.B., through the use of a firearm, the killing of whom was murder as defined in Title 18, United States Code, Section 1111.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A), 924(j) and 2.

COUNT TWELVE

(Distribution of and Possession with Intent to Distribute Methamphetamine<br>21 U.S.C. § 841(a))

28. On or about June 16 and June 17, 2015, in the Middle District of Tennessee, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [6] JOEL ALDRIDGE, a/k/a "SLEEZY," a/k/a "SPOON," [8] MICHAEL FORRESTER, JR., a/k/a "STIX,"** and JACOB ORT, now deceased, did knowingly and intentionally distribute and possess with intent to distribute a quantity of Methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

COUNT THIRTEEN

(Use of a Firearm During and in Relation to a Drug Trafficking Crime—18 U.S.C. § 924(c))

29. On or about June 16 and June 17, 2015, in the Middle District of Tennessee, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [6] JOEL ALDRIDGE, a/k/a "SLEEZY," a/k/a "SPOON," [8] MICHAEL FORRESTER, JR., a/k/a "STIX,"** and JACOB ORT, now deceased, did knowingly use and carry a firearm, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, the Distribution of and Possession with Intent to Distribute Methamphetamine, a Schedule II controlled substance, as charged in Count Twelve of this Indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT FOURTEEN

(Assault with a Dangerous Weapon in Aid of Racketeering—18 U.S.C. § 1959(a)(3))

30.     At all times relevant to this Indictment, the Clarksville Mongols, as more fully described in Paragraphs 1 through 9 of this Indictment, which are re-alleged and incorporated by reference as though set forth fully herein, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), namely the Clarksville Mongols, including its leadership, members, and associates, that is, a group of individuals associated in fact which was engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

31.     At all times relevant to this Indictment, the above-described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder, kidnapping, robbery, and extortion, in violation of Tennessee state law, and narcotics trafficking, in violation of Title 21, United States Code, Sections 841 and 846.

32.     On or about June 23, 2015, in the Middle District of Tennessee, for the purpose of gaining entrance to, and maintaining and increasing position in, the Clarksville Mongols, an enterprise engaged in racketeering activity, **[8] MICHAEL FORRESTER, JR., a/k/a "STIX,"** and JACOB ORT, now deceased, did knowingly assault Victim T.S. with a dangerous weapon, that is, a firearm, in violation of Tennessee Code Annotated Sections 39-11-401, 39-11-402, 39-13-101, and 39-13-102.

All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

## COUNT FIFTEEN

(Use of a Firearm During and in Relation to of a Crime of Violence
18 U.S.C. § 924(c)(1)(A))

33.     On or about June 23, 2015, in the Middle District of Tennessee, **[8] MICHAEL FORRESTER, JR., a/k/a "STIX,"** and JACOB ORT, now deceased, did knowingly use, carry, and brandish a firearm, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, the Assault with a Dangerous Weapon in Aid of Racketeering upon Victim T.S., as charged in Count Fourteen of this Indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT SIXTEEN

(Assault with a Dangerous Weapon in Aid of Racketeering—18 U.S.C. § 1959(a)(3))

34.     At all times relevant to this Indictment, the Clarksville Mongols, as more fully described in Paragraphs 1 through 9 of this Indictment, which are re-alleged and incorporated by reference as though set forth fully herein, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), namely the Clarksville Mongols, including its leadership, members, and associates, that is, a group of individuals associated in fact which was engaged in, and the activities of which affected, interstate and foreign commerce.   The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

35.     At all times relevant to this Indictment, the above-described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder, kidnapping, robbery, and extortion, in violation of Tennessee state law, and narcotics trafficking, in violation of Title 21, United States Code, Sections 841 and 846.

36.     On or about July 3, 2015, in the Middle District of Tennessee, for the purpose of gaining entrance to, and maintaining and increasing position in, the Clarksville Mongols, an enterprise engaged in racketeering activity, **[8] MICHAEL FORRESTER, JR., a/k/a "STIX,"** and JACOB ORT, now deceased, together with others known and unknown to the Grand Jury, did knowingly assault Victim J.M. and Victim C.G. with a dangerous weapon, that is, a firearm, in violation of Tennessee Code Annotated Sections 39-11-401, 39-11-402, 39-13-101, and 39-13-102.

All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

COUNT SEVENTEEN

(Use of a Firearm During and in Relation to of a Crime of Violence<br>18 U.S.C. § 924(c)(1)(A))

37.     On or about July 3, 2015, in the Middle District of Tennessee, **[8] MICHAEL FORRESTER, JR., a/k/a "STIX,"** JACOB ORT, now deceased, together and with others known and unknown to the Grand Jury, did knowingly use, carry, and brandish a firearm, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, the Assault with a Dangerous Weapon in Aid of Racketeering upon Victim J.M. and Victim C.G., as charged in Count Sixteen of this Indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

COUNT EIGHTEEN

(Conspiracy to Commit Robbery Affecting Interstate Commerce—18 U.S.C. § 1951(a))

38.     On or about July 4, 2015, in the Middle District of Tennessee and elsewhere, **[8] MICHAEL FORRESTER, JR., a/k/a "STIX,"** and JACOB ORT, now deceased, together and with others known and unknown to the Grand Jury, did combine, conspire, confederate, and agree with each other to unlawfully obstruct, delay, and affect commerce as that term is defined in Title 18, United States Code, Section 1951(b), and the movement of articles and commodities in such

commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951(b), and to commit and threaten physical violence to other persons, in furtherance of a plan and purpose to commit such a robbery.

In violation of Title 18, United States Code, Section 1951(a).

## COUNT NINETEEN

(Robbery Affecting Interstate Commerce—18 U.S.C. §§ 1951(a))

39.     On or about July 4, 2015, in the Middle District of Tennessee and elsewhere, **[8] MICHAEL FORRESTER, JR., a/k/a "STIX,"** JACOB ORT, now deceased, together and with others known and unknown to the Grand Jury, did unlawfully, obstruct, delay, and affect commerce as that term is defined in Title 18, United States Code, Section 1951(b), and the movement of articles and commodities in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951(b), in that **[8] MICHAEL FORRESTER, JR., a/k/a "STIX,"** and JACOB ORT, now deceased, did unlawfully take and obtain personal property from Victim T.O. against his will by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person and members of his family.

In violation of Title 18, United States Code, Sections 1951(a) and 2.

## COUNT TWENTY

(Kidnapping—18 U.S.C. § 1201(a)(1))

40.     On or about July 4, 2015, in the Middle District of Tennessee and elsewhere, **[8] MICHAEL FORRESTER, JR., a/k/a "STIX,"** JACOB ORT, now deceased, together with others known and unknown to the Grand Jury, did unlawfully and willfully seize Victim T.O. and hold for the purpose of committing a robbery, and, in committing or in furtherance of the commission of the offense, traveled in interstate commerce from Tennessee to Kentucky.

In violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

## COUNT TWENTY-ONE

(Use of a Firearm During and In Relation to a Crime of Violence
18 U.S.C. § 924(c)(1)(A))

41.     On or about July 4, 2015, in the Middle District of Tennessee and elsewhere, **[8]**
**MICHAEL FORRESTER, JR., a/k/a "STIX,"** and JACOB ORT, now deceased, together and
with others known and unknown to the Grand Jury, did knowingly, use, carry, and brandish a
firearm, that is, a .45 caliber Rock Island handgun, during and in relation to a crime of violence
for which they may be prosecuted in a court of the United States, that is, the Robbery of Victim
T.O., as charged in Count Nineteen of this Indictment, the Kidnapping of Victim T.O., as charged
in Count Twenty of this Indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT TWENTY-TWO

(Interstate Travel in Aid of Racketeering—18 U.S.C. § 1952(a)(3))

42.     Between in or about October 2015 and on or about December 12, 2015, in the
Middle District of Tennessee and elsewhere, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-
MO," a/k/a "SPECIAL," and [13] MICHAEL LEVI WEST, a/k/a "SMURF," a/k/a "BLUE,"**
traveled in interstate commerce from the State of Tennessee to the State of California, with the
intent to promote, manage, establish, carry on and facilitate the promotion, management,
establishment, and carrying on of an unlawful activity, that is, Conspiracy to Distribute and Possess
with Intent to Distribute Methamphetamine, a Schedule II controlled substance, in violation of
Title 21, United States Code, Sections 846 and 841(a)(1), and thereafter performed and attempted
to perform an act to promote, manage, establish and carry on, and to facilitate the promotion,
management, establishment, and carrying on of such unlawful activity.

All in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## COUNT TWENTY-THREE

(Distribution of and Possession with Intent to Distribute Methamphetamine
21 U.S.C. § 841(a))

43.     On or about December 12, 2015, in the Middle District of Tennessee and elsewhere,

**[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [14] ADRIANNA**

**FRAZIER, a/k/a "ADRIANNA MILES," and [15] DEREK LEIGHTON STANLEY**, did

knowingly and intentionally distribute and possess with intent to distribute fifty (50) grams or

more of Methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United

States Code, Section 2.

## COUNT TWENTY-FOUR

(Interstate Travel in Aid of Racketeering—18 U.S.C. § 1952(a)(3))

44.     From on or about December 22, 2015, to on or about December 26, 2015, in the

Middle District of Tennessee and elsewhere, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-**

**MO," a/k/a "SPECIAL," [9] STEPHEN COLE a/k/a "LURCH,"** and others known and

unknown to the Grand Jury, traveled in interstate commerce from the State of Tennessee to the

State of California, with the intent to promote, manage, establish, carry on and facilitate the

promotion, management, establishment, and carrying on of an unlawful activity, that is,

Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, a Schedule II

controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), and

thereafter performed and attempted to perform an act to promote, manage, establish and carry on,

and to facilitate the promotion, management, establishment, and carrying on of such unlawful

activity.

All in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## COUNT TWENTY-FIVE

(Distribution of and Possession with Intent to Distribute Methamphetamine
21 U.S.C. § 841(a))

45.     On or about December 31, 2015, in the Middle District of Tennessee, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," and [9] STEPHEN COLE a/k/a "LURCH,"** together and with others known and unknown to the Grand Jury, did knowingly and intentionally distribute and possess with intent to distribute fifty (50) grams or more of Methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT TWENTY-SIX

(Distribution of and Possession with Intent to Distribute Methamphetamine
21 U.S.C. § 841(a))

46.     On or about January 1, 2016, in the Middle District of Tennessee and elsewhere, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [3] KYLE HEADE and [10] JAMIE HERN a/k/a "J-ROC,"** together and with others known and unknown to the Grand Jury, did knowingly and intentionally distribute and possess with intent to distribute five (5) grams or more of Methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT TWENTY-SEVEN

(Distribution of and Possession with Intent to Distribute Methamphetamine
21 U.S.C. § 841(a))

47.     Between or about January 13, 2016, through on or about January 15, 2016, in the Middle District of Tennessee and elsewhere, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [14] ADRIANNA FRAZIER, a/k/a "ADRIANNA MILES," and**

**[15] DEREK LEIGHTON STANLEY**, did knowingly and intentionally distribute and possess with intent to distribute fifty (50) grams or more of Methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT TWENTY-EIGHT

(Drug Conspiracy—21 U.S.C. §§ 841(a) and 846))

48.     Beginning on or about January 1, 2016, and continuing up through on or about January 16, 2016, in the Middle District of Tennessee, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [2] AELIX SANTIAGO, a/k/a "GOON," a/k/a "BIG O," a/k/a "BIG OFFIT," and [3] KYLE HEADE**, did combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of Oxymorphone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWENTY-NINE

(Distribution of and Possession with Intent to Distribute Oxymorphone
21 U.S.C. § 841(a))

49.     On or about January 9, 2016, in the Middle District of Tennessee, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," and [3] KYLE HEADE**, together and with others known and unknown to the Grand Jury, did knowingly and intentionally distribute and possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of Oxymorphone, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT THIRTY

(Attempted Possession with Intent to Distribute Oxymorphone—21 U.S.C. § 841(a)(1))

50.     On or about January 16, 2016, in the Middle District of Tennessee, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [2] AELIX SANTIAGO, a/k/a "GOON," a/k/a "BIG O," a/k/a "BIG OFFIT," and [3] KYLE HEADE**, did knowingly and intentionally attempt to possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of Oxymorphone, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT THIRTY-ONE

(Use of a Firearm During and in Relation to a Drug Trafficking Crime—18 U.S.C. § 924(c))

51.     On or about January 16, 2016, in the Middle District of Tennessee, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [2] AELIX SANTIAGO, a/k/a "GOON," a/k/a "BIG O," a/k/a "BIG OFFIT," and [3] KYLE HEADE**, did knowingly use, carry, brandish, and discharge a firearm, that is, a Smith and Wesson 9 mm handgun, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, Conspiracy to Distribute and Possess with Intent to Distribute Oxymorphone, a Schedule II controlled substance, as charged in Count Twenty-Eight of this Indictment, and Attempted Possession with Intent to Distribute Oxymorphone, a Schedule II controlled substance, as charged in Count Thirty of this Indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT THIRTY-TWO

(Possession with Intent to Distribute Methamphetamine—21 U.S.C. § 841(a)(1))

52.     On or about January 16, 2016, in the Middle District of Tennessee, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL,"** did knowingly and intentionally possess with intent to distribute five (5) grams or more of Methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THIRTY-THREE

(Possession of a Firearm in Furtherance of a Drug Trafficking Crime—18 U.S.C. § 924(c))

53.     On or about January 16, 2016, in the Middle District of Tennessee, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL,"** did knowingly possess a firearm, that is, a Springfield Armory .45 caliber handgun, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, Possession with Intent to Distribute Five (5) Grams or More of Methamphetamine, a Schedule II controlled substance, as charged in Count Thirty-Two of this Indictment.

All in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT THIRTY-FOUR

(Possession with Intent to Distribute Alprazolam—21 U.S.C. § 841(a)(1))

54.     On or about January 16, 2016, in the Middle District of Tennessee, **[2] AELIX SANTIAGO, a/k/a "GOON," a/k/a "BIG O," a/k/a "BIG OFFIT,"** did knowingly and intentionally possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of Alprazolam, a Schedule IV controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THIRTY-FIVE

(Possession of a Firearm in Furtherance of a Drug Trafficking Crime—18 U.S.C. § 924(c))

55.     On or about January 16, 2016, in the Middle District of Tennessee, **[2] AELIX SANTIAGO, a/k/a "GOON," a/k/a "BIG O," a/k/a "BIG OFFIT,"** did knowingly possess a firearm, that is, a PAP .45 caliber handgun, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, Possession with Intent to Distribute a Quantity of a Mixture and Substance Containing a Detectable Amount of Alprazolam, a Schedule IV controlled substance, as charged in Count Thirty-Four of this Indictment.

All in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT THIRTY-SIX

(Assault with a Dangerous Weapon in Aid of Racketeering—18 U.S.C. § 1959(a)(3))

56.     At all times relevant to this Indictment, the Clarksville Mongols, as more fully described in Paragraphs 1 through 9 of this Indictment, which are re-alleged and incorporated by reference as though set forth fully herein, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), namely the Clarksville Mongols, including its leadership, members, and associates, that is, a group of individuals associated in fact which was engaged in, and the activities of which affected, interstate and foreign commerce.   The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

57.     At all times relevant to this Indictment, the above-described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder, kidnapping, robbery, and extortion, in violation of Tennessee state law, narcotics trafficking, in violation of Title 21, United States Code, Sections 841 and 846, and acts indictable under Sections 1951 (Hobbs Act Robbery

and Conspiracy to Commit Same), 1952 (Interstate Travel in Aid of Racketeering), and 1956 (Money Laundering Conspiracy) of Title 18, United States Code.

58.    On or about January 17, 2016, in the Middle District of Tennessee, for the purpose of gaining entrance to, and maintaining and increasing position in, the Clarksville Mongols, an enterprise engaged in racketeering activity, **[7] JAMES HINES, a/k/a "FESTER," [9] STEPHEN COLE, a/k/a "LURCH," and [10] JAMIE HERN, a/k/a "J-ROC,"** did assault Victim C.D. and Victim S.P. with a dangerous weapon, in violation of Tennessee Code Annotated Sections 39-11-401, 39-11-402, 39-13-101, and 39-13-102.

All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

### COUNT THIRTY-SEVEN

(Use of a Firearm During and in Relation to of a Crime of Violence
18 U.S.C. § 924(c)(1)(A))

59.    On or about January 17, 2016, in the Middle District of Tennessee, **[7] JAMES HINES, a/k/a "FESTER," [9] STEPHEN COLE, a/k/a "LURCH," and [10] JAMIE HERN, a/k/a "J-ROC,"** did knowingly use, carry, and brandish a firearm, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, Assault with a Dangerous Weapon in Aid of Racketeering, as charged in Count Thirty-Six of this Indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

### COUNT THIRTY-EIGHT

(Interstate Travel in Aid of Racketeering—18 U.S.C. § 1952(a)(3))

60.    On or about January 26, 2016, in the Middle District of Tennessee and elsewhere, **[15] DEREK LEIGHTON STANLEY** traveled in interstate commerce from the State of Tennessee to the States of California and Colorado, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of an unlawful

activity, that is, Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine in violation of Title 21, United States Code, Sections 846 and 841(a)(1), and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment, and carrying on of such unlawful activity.

All in violation of Title 18, United States Code, Section 1952(a)(3).

COUNT THIRTY-NINE

(Interstate Travel in Aid of Racketeering—18 U.S.C. § 1952(a)(3))

61.     From on or about February 16, 2016, to on or about February 20, 2016, in the Middle District of Tennessee and elsewhere, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [13] MICHAEL LEVI WEST, a/k/a "SMURF," a/k/a "BLUE," [14] ADRIANNA FRAZIER, a/k/a "ADRIANNA MILES,"** and others known and unknown to the Grand Jury, traveled in interstate commerce from the State of Tennessee to the State of California, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, that is, Conspiracy to Distribute and Possess with Intent to Distribute of Methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment, and carrying on of such unlawful activity.

All in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

COUNT FORTY

(Possession with Intent to Distribute Methamphetamine—21 U.S.C. § 841(a)(1))

62.     Between on or about February 16, 2016, and on or about February 20, 2016, in the Middle District of Tennessee and elsewhere, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [13] MICHAEL LEVI WEST, a/k/a "SMURF," a/k/a "BLUE,"**

**and [14] ADRIANNA FRAZIER, a/k/a "ADRIANNA MILES,"** did knowingly and intentionally possess with intent to distribute fifty (50) grams or more of Methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

COUNT FORTY-ONE

(Use of a Firearm During and in Relation to a Drug Trafficking Crime—18 U.S.C. § 924(c))

63.      From on or about February 16, 2016, to on or about February 20, 2016, in the Middle District of Tennessee and elsewhere, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [13] MICHAEL LEVI WEST, a/k/a "SMURF," a/k/a "BLUE," and [14] ADRIANNA FRAZIER, a/k/a "ADRIANNA MILES,"** did knowingly use and carry a firearm during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, Possession with Intent to Distribute fifty (50) grams or more of Methamphetamine, a Schedule II controlled substance, as charged in Count Forty of this Indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

COUNT FORTY-TWO

(Interstate Travel in Aid of Racketeering—18 U.S.C. § 1952(a)(3))

64.      From on or about March 28, 2016, to April 2, 2016, in the Middle District of Tennessee and elsewhere, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," and [14] ADRIANNA FRAZIER, a/k/a "ADRIANNA MILES,"** and others known and unknown to the Grand Jury, traveled in interstate commerce from the State of Tennessee to the State of California, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, that

is, Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine in violation of Title 21, United States Code, Sections 846 and 841(a)(1), and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment, and carrying on of such unlawful activity.

All in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## COUNT FORTY-THREE

(Possession with Intent to Distribute Methamphetamine—21 U.S.C. § 841(a)(1))

65.     Between on or about March 28, 2016, and on or about April 2, 2016, in the Middle District of Tennessee and elsewhere, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [14] ADRIANNA FRAZIER, a/k/a "ADRIANNA MILES,"** and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute fifty (50) grams or more of Methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT FORTY-FOUR

(Use of a Firearm During and in Relation to a Drug Trafficking Crime—18 U.S.C. § 924(c))

66.     From on or about March 28, 2016, to on or about April 2, 2016, in the Middle District of Tennessee and elsewhere, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," and [14] ADRIANNA FRAZIER, a/k/a "ADRIANNA MILES,"** did knowingly use and carry a firearm during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, Possession with Intent to Distribute fifty (50) grams or more of Methamphetamine, a Schedule II controlled substance, as charged in Count Forty-Three of this Indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT FORTY-FIVE

(Attempted Murder in Aid of Racketeering—18 U.S.C. § 1959(a)(5))

67.     At all times relevant to this Indictment, the Clarksville Mongols, as more fully described in Paragraphs 1 through 9 of this Indictment, which are re-alleged and incorporated by reference as though set forth fully herein, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), namely the Clarksville Mongols, including its leadership, members, and associates, that is, a group of individuals associated in fact which was engaged in, and the activities of which affected, interstate and foreign commerce.   The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

68.     At all times relevant to this Indictment, the above-described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder, kidnapping, robbery, and extortion, in violation of Tennessee state law, narcotics trafficking, in violation of Title 21, United States Code, Sections 841 and 846, and acts indictable under Sections 1951 (Hobbs Act Robbery and Conspiracy to Commit Same), 1952 (Interstate Travel in Aid of Racketeering), and 1956 (Money Laundering Conspiracy) of Title 18, United States Code.

69.     On or about July 14, 2016, in the Middle District of Tennessee, for the purpose of gaining entrance to, and maintaining and increasing position in, the Clarksville Mongols, an enterprise engaged in racketeering activity, **[11] ROBERT HUMISTON, a/k/a "BRIC," a/k/a "BRICHANDS,"** with others known and unknown to the Grand Jury, did knowingly and intentionally, attempt to murder Victim M.F. in violation of Tennessee Code Annotated Sections 39-11-401, 39-11-402, 39-12-101, 39-13-201, and 39-13-202.

All in violation of Title 18, United States Code, Section 1959(a)(5).

## COUNT FORTY-SIX

(Assault with a Dangerous Weapon in Aid of Racketeering—18 U.S.C. § 1959(a)(3))

70.     At all times relevant to this Indictment, the Clarksville Mongols, as more fully described in Paragraphs 1 through 9 of this Indictment, which are re-alleged and incorporated by reference as though set forth fully herein, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), namely the Clarksville Mongols, including its leadership, members, and associates, that is, a group of individuals associated in fact which was engaged in, and the activities of which affected, interstate and foreign commerce.   The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

71.     At all times relevant to this Indictment, the above-described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder, kidnapping, robbery, and extortion, in violation of Tennessee state law, narcotics trafficking, in violation of Title 21, United States Code, Sections 841 and 846, and acts indictable under Sections 1951 (Hobbs Act Robbery and Conspiracy to Commit Same), 1952 (Interstate Travel in Aid of Racketeering), and 1956 (Money Laundering Conspiracy) of Title 18, United States Code.

72.     On or about July 14, 2016, in the Middle District of Tennessee, for the purpose of gaining entrance to, and maintaining and increasing position in, the Clarksville Mongols, an enterprise engaged in racketeering activity, **[11] ROBERT HUMISTON, a/k/a "BRIC," a/k/a "BRICHANDS,"** with others known and unknown to the Grand Jury, did assault Victim M.F. with a dangerous weapon, in violation of Tennessee Code Annotated Sections 39-11-401, 39-11-402, 39-13-101, and 39-13-102.

All in violation of Title 18, United States Code, Section 1959(a)(3).

## COUNT FORTY-SEVEN

### (Use of a Firearm During and In Relation to a Crime of Violence
### 18 U.S.C. § 924(c)(1)(A))

73.     On or about July 14, 2016, in the Middle District of Tennessee and elsewhere, **[11]**

**ROBERT HUMISTON, a/k/a "BRIC," a/k/a "BRICHANDS,"** with others known and

unknown to the Grand Jury, did knowingly use, carry, brandish, and discharge a firearm, during

and in relation to a crime of violence for which he may be prosecuted in a court of the United

States, that is, the Attempted Murder in Aid of Racketeering, as charged in Count Forty-Five of

this Indictment, and the Assault with a Dangerous Weapon in Aid of Racketeering, as charged in

Count Forty-Six of this Indictment.

All in violation of Title 18, United States Code, Section 924(c)(1)(A).

### COUNT FORTY-EIGHT

### (Accessory After the Fact to Attempted Murder and Assault with a Dangerous Weapon in Aid of
### Racketeering—18 U.S.C. § 3)

74.     On or about July 14, 2016, in the Middle District of Tennessee and elsewhere, **[9]**

**STEPHEN COLE a/k/a "LURCH," [10] JAMIE HERN a/k/a "J-ROC,"** and others known

and unknown to the Grand Jury, knowing that an offense against the United States had been

committed, namely, Attempted Murder in Aid of Racketeering, as charged in Count Forty-Five of

this Indictment, and Assault with a Dangerous Weapon in Aid of Racketeering, as charged in

Count Forty-Six of this indictment, unlawfully and knowingly did receive, comfort, and assist the

offender in order to hinder and prevent the offender's apprehension, trial, and punishment, to wit,

**[9] STEPHEN COLE a/k/a "LURCH," and [10] JAMIE HERN a/k/a "J-ROC,"** concealed

evidence relating to an Attempted Murder, an Assault with a Dangerous Weapon in Aid of

Racketeering, and Use of a Firearm During and in Relation to a Crime of Violence, committed on

July 14, 2016, in Clarksville, Tennessee.

All in violation of Title 18, United States Code, Section 3.

### COUNT FORTY-NINE

(Possession of a Firearm by a Prohibited Person—18 U.S.C. § 922(g))

75.     On or about July 14, 2016, in the Middle District of Tennessee, **[10] JAMIE HERN, a/k/a "J-ROC,"** having been convicted of the following crimes being punishable by a term of imprisonment exceeding one (1) year did knowingly possess, in and affecting commerce, a firearm and ammunition, to wit: a Smith and Wesson, model SD9VE, 9 mm pistol; Winchester .380 caliber ammunition; Remington 9 mm ammunition; Hornady Manufacturing Company 7.62X39 ammunition; Giulio Fiocchi 9 mm ammunition; Winchester 9 mm ammunition; Aguila (Cartuchos Deportivos de Mexico SA) 9 mm ammunition; Federal Cartridge Company 9 mm ammunition; Speer Luger 9 mm ammunition; Federal .380 caliber ammunition; and Sig Sauer .380 caliber ammunition.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

### COUNT FIFTY

(Conspiracy to Tamper with a Witness—18 U.S.C. § 1512(k))

76.     Between on or about July 14, 2016, through on or about August 31, 2016, in the Middle of District of Tennessee, **[2] AELIX SANTIAGO, a/k/a "GOON," a/k/a "BIG O," a/k/a "BIG OFFIT," [7] JAMES HINES, a/k/a "FESTER," [9] STEPHEN COLE, a/k/a "LURCH," [10] JAMIE HERN, a/k/a "J-ROC," and [12] MICHAEL MYERS, a/k/a "YEA YEA,"** knowingly and intentionally combined, conspired, confederated and agreed with each other and with other persons known and unknown to the Grand Jury, to use physical force and the threat of physical force against Victim V.P., with the intent to hinder, delay, or prevent Victim V.P. from communicating information to a law enforcement officer about the commission, or possible commission, of Federal offenses, including Attempted Murder in Aid of Racketeering, Assault

with a Dangerous Weapon in Aid of Racketeering, Use of a Firearm During and in Relation to a Crime of Violence, and Accessory After the Fact, in violation of Title 18, United States Code, Section 1512(b)(3).

All in violation of Title 18, United States Code, Section 1512(k).

## COUNT FIFTY-ONE

### (Tampering with a Witness—18 U.S.C. § 1512(b)(3))

77.    Between on or about July 14, 2016, through on or about August 31, 2016, in the Middle of District of Tennessee, **[2] AELIX SANTIAGO, a/k/a "GOON," a/k/a "BIG O," a/k/a "BIG OFFIT," [7] JAMES HINES, a/k/a "FESTER," [9] STEPHEN COLE, a/k/a "LURCH," [10] JAMIE HERN, a/k/a "J-ROC," and [12] MICHAEL MYERS, a/k/a "YEA YEA,"** did knowingly intimidate and threaten, and attempt to intimidate and threaten, Victim V.P. by physical force and the threat of physical force with the intent to hinder, delay, or prevent communication to a law enforcement officer of information relating to the commission, or possible commission, of Federal offenses, including Attempted Murder in Aid of Racketeering, Assault with a Dangerous Weapon in Aid of Racketeering, Use of a Firearm During and in Relation to a Crime of Violence, and Accessory After the Fact.

In violation of Title 18, United States Code, Sections 1512(b)(3) and 2.

## COUNT FIFTY-TWO

### (Kidnapping—18 U.S.C. § 1201(a)(1))

78.    Between on or about October 26, 2016, through on or about November 9, 2016, in the Middle District of Tennessee and elsewhere, **[2] AELIX SANTIAGO, a/k/a "GOON," a/k/a "BIG O," a/k/a "BIG OFFIT," [7] JAMES HINES, a/k/a "FESTER," [9] STEPHEN COLE, a/k/a "LURCH," [10] JAMIE HERN, a/k/a "J-ROC," [11] ROBERT HUMISTON, a/k/a "BRIC," a/k/a "BRICHANDS," [13] MICHAEL LEVI WEST, a/k/a "SMURF," a/k/a**

**"BLUE,"** together and with others known and unknown to the Grand Jury, did unlawfully and willfully kidnap, abduct, carry away, and hold Victim S.P. for questioning about the death of T.C., a male member of the Mongols Harbor Chapter in California, and in committing or in furtherance of the commission of the offense, did willfully transport Victim S.P. in interstate commerce from Tennessee to Kentucky.

In violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

## COUNT FIFTY-THREE

(Conspiracy to Commit Robbery Affecting Interstate Commerce—18 U.S.C. § 1951(a))

79.     On or about January 16, 2016, in the Middle District of Tennessee, **[4] TIMOTHY GRANT and [5] DUSTIN McCRACKEN, a/k/a "D,"** did combine, conspire, confederate, and agree with each other to unlawfully obstruct, delay, and affect commerce as that term is defined in Title 18, United States Code, Section 1951(b), and the movement of articles and commodities in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951(b), and to commit and threaten physical violence to other persons, in furtherance of a plan and purpose to commit such a robbery.

All in violation of Title 18, United States Code, Section 1951(a).

## COUNT FIFTY-FOUR

(Attempted Robbery Affecting Interstate Commerce—18 U.S.C. §§ 1951(a) and 2)

80.     On or about January 16, 2016, in the Middle District of Tennessee, **[4] TIMOTHY GRANT and [5] DUSTIN McCRACKEN, a/k/a "D,"** did attempt to unlawfully, obstruct, delay, and affect commerce as that term is defined in Title 18, United States Code, Section 1951(b), and the movement of articles and commodities in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951(b), and did threaten violence to other persons, in furtherance of a plan and purpose to commit such a robbery.

In violation of Title 18, United States Code, Sections 1951(a) and 2.

FORFEITURE ALLEGATIONS

81.    The allegations contained in this Superseding Indictment are re-alleged and incorporated by reference as if fully set forth in support of this forfeiture.

82.    Upon conviction of the offense of RICO conspiracy charged in Count One, the defendants, **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [2] AELIX SANTIAGO, a/k/a "GOON," a/k/a "BIG O," a/k/a "BIG OFFIT," [3] KYLE HEADE, [6] JOEL ALDRIDGE, a/k/a "SLEEZY," a/k/a "SPOON," [7] JAMES HINES, a/k/a "FESTER," [8] MICHAEL FORRESTER, JR., a/k/a "STIX," [9] STEPHEN COLE, a/k/a "LURCH," [10] JAMIE HERN, a/k/a "J-ROC," [11] ROBERT HUMISTON, a/k/a "BRIC," a/k/a "BRICHANDS," [12] MICHAEL MYERS, a/k/a "YEA YEA," [13] MICHAEL LEVI WEST, a/k/a "SMURF," a/k/a "BLUE," and [14] ADRIANNA FRAZIER, a/k/a "ADRIANNA MILES,"** shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 1963(a)(3) and Federal Rule of Criminal Procedure 32.2:

     a.    any interest the person acquired or maintained in violation of Title 18, United States Code, Section 1962;

     b.    any interest in; security of; claim against; or property or contractual right of any kind affording a source of influence over; any enterprise which defendant(s) has/have established, operated, controlled, conducted, or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and

     c.    any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962,

including, but not limited to, a Money Judgment in an amount to be determined to be the aggregate value of the property described in a through c above.

83. Upon conviction of the drug conspiracies charged in Counts Two and Twenty-Eight or the drug possession or attempted possession with intent to distribute and/or drug distributions in any one of Counts Four, Five, Twelve, Twenty-Three, Twenty-Five, Twenty-Six, Twenty-Seven, Twenty-Nine, Thirty, Thirty-Two, Thirty-Four, Forty, and Forty-Three, the defendants **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [2] AELIX SANTIAGO, a/k/a "GOON," a/k/a "BIG O," a/k/a "BIG OFFIT," [3] KYLE HEADE, [6] JOEL ALDRIDGE, a/k/a "SLEEZY," a/k/a "SPOON," [7] JAMES HINES, a/k/a "FESTER," [8] MICHAEL FORRESTER, JR., a/k/a "STIX," [9] STEPHEN COLE, a/k/a "LURCH," [10] JAMIE HERN, a/k/a "J-ROC," [12] MICHAEL MYERS, a/k/a "YEA YEA," [13] MICHAEL LEVI WEST, a/k/a "SMURF," a/k/a "BLUE," [14] ADRIANNA FRAZIER, a/k/a "ADRIANNA MILES," and [15] DEREK LEIGHTON STANLEY,** shall forfeit to the United States of America, pursuant to Title 21, United States Code, Sections 853(a)(1) and (2):

        a.      any property constituting, or derived from, any proceeds the person obtained, directly or indirectly as a result of each violation; and

        b.      any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation;

including, but not limited to a Money Judgment in an amount to be determined to be the aggregate value of the property described in a and b above.

84. Upon conviction of the money laundering violation charged in Count Three, the defendant(s) **[1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [2] AELIX SANTIAGO, a/k/a "GOON," a/k/a "BIG O," a/k/a "BIG OFFIT," [3] KYLE**

HEADE, [6] JOEL ALDRIDGE, a/k/a "SLEEZY," a/k/a "SPOON," [7] JAMES HINES, a/k/a "FESTER," [8] MICHAEL FORRESTER, JR., a/k/a "STIX," [9] STEPHEN COLE, a/k/a "LURCH," [10] JAMIE HERN, a/k/a "J-ROC," [12] MICHAEL MYERS, a/k/a "YEA YEA," [13] MICHAEL LEVI WEST, a/k/a "SMURF," a/k/a "BLUE," [14] ADRIANNA FRAZIER, a/k/a "ADRIANNA MILES," and [15] DEREK LEIGHTON STANLEY, shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property.

85.     Upon conviction of the firearms violations charged in Counts Seven, Eight, Nine, Thirteen, Fifteen, Seventeen, Twenty-One, Thirty-One, Thirty-Three, Thirty-Five, Thirty-Seven, Forty-One, Forty-Four, and Forty-Seven, the defendant(s) [1] JAMES WESLEY FRAZIER, a/k/a "SLO-MO," a/k/a "SPECIAL," [2] AELIX SANTIAGO, a/k/a "GOON," a/k/a "BIG O," a/k/a "BIG OFFIT," [3] KYLE HEADE, [6] JOEL ALDRIDGE, a/k/a "SLEEZY," a/k/a "SPOON," [7] JAMES HINES, a/k/a "FESTER," [8] MICHAEL FORRESTER, JR., a/k/a "STIX," [9] STEPHEN COLE, a/k/a "LURCH," [10] JAMIE HERN, a/k/a "J-ROC," [11] ROBERT HUMISTON, a/k/a "BRIC," a/k/a "BRICHANDS," [12] MICHAEL MYERS, a/k/a "YEA YEA," [13] MICHAEL LEVI WEST, a/k/a "SMURF," a/k/a "BLUE," and [14] ADRIANNA FRAZIER, a/k/a "ADRIANNA MILES," shall forfeit any firearms and/or ammunition involved in the offense of conviction to the United States of America pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c).

86.     If any of the property described above, as a result of any act or omission of the defendants:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third party;

        c.      has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 18, United States Code, Section 1963(m), and it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of said property listed above as subject to forfeiture.

A TRUE BILL

FOREPERSON

DONALD Q. COCHRAN
UNITED STATES ATTORNEY
MIDDLE DISTRICT OF TENNESSEE

DAVID JAFFE
ACTING CHIEF
ORGANIZED CRIME AND GANG SECTION
U.S. DEPARTMENT OF JUSTICE

KATHRYN RISINGER
ASSISTANT UNITED STATES ATTORNEY

ROBERT S. TULLY
TRIAL ATTORNEY
ORGANIZED CRIME & GANG SECTION
U.S. DEPARTMENT OF JUSTICE